**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN McDONALD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14 C 4647 |
| ADAMS & ASSOCIATES LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Kevin McDonald has filed a *pro se* complaint against his former employer Adams & Associates. McDonald used the form prescribed by this district for *pro se* employment discrimination complaints. He alleges that Adams discriminated against him based on his age and color (the Court takes the latter allegation as encompassing a claim of race discrimination) and that Adams failed to stop harassment, retaliated against him because he asserted his rights, and terminated his employment.

In the narrative section of his complaint, McDonald, who is black, alleges that he began working for defendant in 2006 as a food service assistant and had no problems until 2013, when a white male was hired as assistant manager. He says the new assistant manager called him names in front of other workers and that the manager (the assistant's boss) was aware of this but did nothing. Adams also hired a younger white male from a temporary employment agency who carried a knife to work and would brandish it at McDonald, saying he was going to "skin [McDonald's] black ass."

McDonald said this was reported to management but nothing was done.  Instead, he alleges, management retaliated against him by changing his schedule without notice, resulting in him being late to work without knowing it.  Then McDonald did not come to work on a particular date because it was his regular day off, only to find out later that his schedule had been changed without his knowledge to require him to work that day.  He was written up as "no call, no show" and was terminated as a result.

As indicated on the form complaint that McDonald filed, his claims arise under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; and the Age Discrimination in Employment Act of 1967.

Adams has moved to dismiss McDonald's Title VII and ADEA harassment claims and his ADEA retaliation claim (but not huis Title VII termination claim or his section 1981 claims).  In its motion to dismiss, Adams argues that McDonald failed to exhaust administrative remedies for the Title VII and ADEA harassment claims because they are outside the scope of his EEOC charge.  A copy of the charge is attached to McDonald's *pro se* complaint.  Under the heading for types of discrimination, the boxes for race, retaliation, and age are checked off.  There is no box on the form for "harassment" or "hostile work environment."  In the short narrative section, the charge says this:

> I was hired by the Respondent on or about August 31, 2006.  My most recent position was Food Service Assistant.  During my employment, I was disciplined.  Subsequently, I was discharged.
>
> I believe I have been discriminated against because of my race, Black, and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> I also believe I have been discriminated against because of my age, 49 (Date of Birth: xxxxxxxx), and retaliated against, in violation of the Age Discrimination in Employment Act of 1967, as amended.

2

Compl., Ex. 2 (EEOC charge).

When Adams's motion to dismiss was initially presented to the Court, the Court noted that the charge form—which, as is commonly known, is filled out by EEOC staff, not by the complainant—does not include a check-box for harassment or retaliation. The Court also noted that a racially-based hostile work environment is a form of race discrimination and suggested that the EEOC charge's claim of race discrimination therefore encompassed McDonald's claim of a hostile work environment. Adams relies on *Hottenroth v. Vill. of Slinger*, 388 F.3d 1015 (7th Cir. 2004), for the proposition that an EEOC charge like the one McDonald filed is insufficient to put the EEOC or the employer on notice that the complainant is asserting a hostile work environment claim.

A plaintiff in a Title VII or ADEA case "may bring only those claims that were included in his EEOC charge or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Swearingen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010) (internal quotation marks omitted). "To be 'like or reasonably related,'" the claims must, at a minimum, describe the same conduct and implicate the same individuals." *Id.* (citing *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)).

The Court notes that the Seventh Circuit's formulation of the standard seems to require the EEOC charge to *describe* the same conduct but not to *name* those involved—rather, the claim must *implicate* those involved, which is not the same thing as naming them. But that aside, Adams' primary contention is that because there is nothing in McDonald's EEOC charge that describes the alleged verbal harassment by his supervisor or the alleged threats by his co-worker, neither the EEOC nor Adams was

3

"alerted . . . to Plaintiff's claim of harassment."  Mem. in Support of Def.'s Partial Mot. to Dismiss at 4.

If the Court's consideration were limited to the face of the EEOC charge, there is a pretty decent argument that there is nothing there that would have clued the EEOC or Adams in to the fact that McDonald was claiming harassment by a supervisor and a co-worker.  But the inquiry is not so limited.  In *Swearingen-El*, the Seventh Circuit said that it has "suggested that written allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations."  *Id.* at 865.  *See also, e.g., Mirza v. The Neiman Marcus Group, Inc.*, No. 06 C 6484, 2009 WL 3824711, at *2 (N.D. Ill. Nov. 13, 2009) (Dow, J.) (considering documents in EEOC file beyond the charge, including notes from the EEOC regarding an interview with the complainant).

For this reason, the Court asked Adams's counsel to provide a copy of the EEOC's intake questionnaire regarding McDonald's claim, which counsel had in their possession.  The intake questionnaire reflects that in response to a question regarding why he believed Adams's actions were discriminatory, McDonald said, "my manager new [sic] it was a young white kid who was working their [sic] he talked at everyone with no respect brought it to her attention nothing was done."  In an interview by an EEOC investigator, McDonald reported that his supervisor (the same individual he identifies in his lawsuit) "did not like him" and "ma[de] comments to him" of a derogatory nature.  The evidence, together with the charge's reference to race and age discrimination and disparate treatment in connection with discipline, indicates that hostile work environment allegations were in fact brought to the EEOC's attention by McDonald and

that this type of claim "could reasonably be expected to grow out of the administrative charge[ ]." *Cheek*, 31 F.3d at 500; *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013) ("there need only be a reasonable relationship between the allegations in the charge and the claims in the complaint") (internal quotation marks omitted).

For all of these reasons, though Adams conceivably may have a viable non-exhaustion defense regarding the hostile work environment claims, this cannot be determined on the face of the complaint. As for the retaliation claims, the charge actually makes reference to retaliation, so the non-exhaustion defense lacks merit. The Court therefore declines to dismiss McDonald's hostile work environment and retaliation claims for non-exhaustion.

Adams also argues that McDonald's ADEA retaliation claim must be dismissed because his complaint does not describe any prior complaints about age discrimination. The short answer to this is that a plaintiff, particularly a *pro se* plaintiff like McDonald, is not required to plead that sort of detail in his complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a *pro se* plaintiff is held to a less stringent pleading standard than a represented plaintiff); *Luevano*, 722 F.3d at 1028 (also noting that "a complaint alleging . . . discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" the prohibited factor). The two cases that Adams cites do not deal with this issue. *Wojtanek v. Pactiv LLC*, 492 F. App'x 650 (7th Cir. 2012), concerned the plaintiff's EEOC charge, not the complaint filed in court, and in *Small v. WW Lodging, Inc.*, 106 F. App'x 505 (7th Cir. 2004), the plaintiff did not allege any protected activity at all (other than an application for unemployment

benefits, which is not protected activity under *any* federal statute).

This is an issue more appropriately suited for summary judgment, because what a plaintiff said to the employer and the surrounding circumstances are likely to inform whether the complaint was sufficient to trigger the prohibition against retaliation. As the Supreme Court has held in the similar context of retaliation under the Fair Labor Standards Act, a complaint need only be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1335 (2011). *See also, Galdieri-Ambrosini v. Nat'l Realty & Development Corp.*, 136 F.3d 276, 292 (2d Cir. 1998) (applying similar standard in a Title VII case; complaint must be such that employer "understood or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by" the relevant statute).

For these reasons, the Court denies defendant's motion to dismiss. The Court has also determined that counsel should be appointed to represent McDonald. Based on the Court's interaction with McDonald during two court appearances and its review of the EEOC interview, the Court doubts that McDonald is capable of litigating this case adequately on his own. The Court therefore grants McDonald's motion for appointment of counsel. A separate order will be entered appointing counsel.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 7, 2015